NO SUMMONS ISSUED

CV 12 3206

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
AMERICAN INTERNATIONAL CONCESSION
PRODUCTS CORP.,                                              :

                        Plaintiff,        :

     -against-

JUST BORN, INC., JUST BORN II, INC. and                     :
SUMMIT FOODS ENTERPRISES, INC.,

                    Defendants.       :
-------------------------------------------------------------X

Docket No.:

**COMPLAINT**

Plaintiff, AMERICAN INTERNATIONAL CONCESSION PRODUCTS CORP., by its

attorneys, the LAW OFFICES OF RAYMOND A. GIUSTO, P.C., as and for its Complaint

against the Defendants, alleges and sets forth as follows:

## NATURE OF ACTION

1.      This is an action for recovery of money damages occasioned by the

Defendants, JUST BORN, INC.'s and JUST BORN II, INC.'s, breach of the contract, unjust

enrichment, misappropriation of trade secrets and fraud and SUMMIT FOODS ENTERPRISES,

INC.'s tortious interference with that contract, unjust enrichment and misappropriation of trade

secrets.  It is Plaintiff's claim that Defendants owe Plaintiff an amount to be determined at trial

but in any event not less than $1,000,000.00 Dollars, exclusive of interest, from May 1, 2012.

## JURISDICTION AND VENUE

2.      Jurisdiction is conferred on this Court pursuant to Title 28 U.S.C. 1332(a)(1)

in that the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest

and costs, and is between "citizens of different States".

3.     Venue is proper in this District pursuant to Title 28 U.S.C. 1391(a) and (c) in that this is the District in which a substantial part of the events or omissions giving rise to the claim occurred and is the District in which the Plaintiff maintains its principal place of business.

## PARTIES

4.     Plaintiff, AMERICAN INTERNATIONAL CONCESSION PRODUCTS CORP. (hereinafter referred to as "AICP"), is a corporation duly organized and existing under the laws of the State of New York with corporate offices at 33 South Mall, Plainview, New York.

5.     Upon information and belief, the Defendants, JUST BORN, INC. (hereinafter referred to as "JB") and JUST BORN II, INC. (hereinafter referred to as "JB II") are corporations duly organized and existing under the laws of the State of Pennsylvania, with corporate offices located at 1300 Stefko Blvd., Bethlehem, Pennsylvania. Upon information and belief, JB II acts as the alter ego of JB, possessing the same telephone number, employees, principals, officers, location, credit lines, equipment, inventory, and other assets.

6.     Upon information and belief, the Defendant, SUMMIT FOODS ENTERPRISES, INC.  (hereinafter referred to as "SUMMIT") is a corporation duly organized and existing under the laws of the State of  Massachusetts, with corporate offices located at 153 Northboro Road, Southboro, Massachusetts.

## GENERAL ALLEGATIONS

7.     AICP is a well-known distributor/broker of candy and related products for sale in the movie theater industry throughout the United States and Canada.  AICP has been doing business in the movie theater industry for over thirty years, establishing relationships with nearly every individual theater and theater chain throughout the United States and Canada. AICP is a

N:/jd/AICP Just Born Summons and Complaint

leader in the trade association known as the National Association of Concessionaires for over twenty years and the president of AICP sits on the board of said association. AICP presently represents the following candy makers as a sales broker: Kraft Foods, Perfetti Van Melle, Ghirardelli, DeMet's, Advance Pierre, Lucky Country, Imaginings3 and Kellog's.

8.      AICP, through the expenditure of substantial sums of money, labor, time, energy and effort, has established long-standing relationships in the movie theater industry with respect to the sale of candy and candy-related products.  These customers include, but are not limited to, the following: Regal, AMC, Cinemark, Carmike, Rave, National Amusements, Malco, Muvico, NCG, Marcus, MJR and Celebration. The money expended and the efforts of AICP have resulted in specialized product design and development, prices, research, technology, customer lists, customer data, customer contacts, forms, pricing,  business techniques and all additional information deemed confidential by the Customer, including marketing, sales, financial and other business information, formulas, methods, know-how, processes, designs, performance tests, product enhancements, reported problems with any products or services, the terms of any Agreement with a customer, business partner or other third party (collectively referred to herein as AICP's "trade secrets").

9.      Upon information and belief, the Defendants, JB and its affiliate, JB II are in the business of manufacturing and distributing candy products including, but not limited to, "Mike and Ike", "Hot Tamales", "Peeps", "Marshmallow Peeps", "Peanut Chews" and "Teenee Beanee" (hereinafter collectively referred to as the "Products").  Upon information and belief, SUMMIT is in the business of packing and re-distribution of various food products.  At all times, hereinafter mentioned, upon information and belief, SUMMIT acted as a re-packer for JB and JB

II.

10.     On or about December 16, 2011, JB and JB II solicited AICP to act, according to JB and JB II, as a "broker that may be able to help...Just Born gain theater distribution" of its products in the movie theater industry, a goal that its re-packer SUMMIT had been unable to accomplish.  As consideration for AICP's services, JB and JB II agreed to pay a commission rate of 5% and the reimbursement of certain expenses typically paid to a broker.

11.     The aforesaid solicitation was made by JB and JB II to Plaintiff as Plaintiff conducted its normal course of business in the State of New York.  The aforesaid solicitation resulted in the establishment of a relationship between the Plaintiff and JB and JB II wherein JB and JB II recognized AICP as their broker.  Accordingly, JB and JB II, through their employees, agents and/or representatives, made representations to AICP and third parties and performed certain acts that induced AICP, as broker, to introduce JB and JB II to AICP's contacts in the theater industry, to negotiate higher profit margins for their products and to otherwise successfully establish relationships in the industry.

12.     These representations include, but are not limited to the following:

      a.     A December 16, 2011 email from James Costas, Channel Trade Manager for JB, introducing himself and JB to AICP and stating, "You were recommended to me by Adam Gottlieb of CCSI as a broker that may be able to help me (Just Born) gain theater distribution of our products...";

      b.     A January 5, 2012 email from James Costas to a JB vendor stating that, "I have hired AICP as of yesterday.  The 'official' paperwork is still going back & forth, but they will be my nationwide theater broker...";

c.      Mass emails dated February 1, 2012 and  February 8, 2012 sent from
        Donna Pippis, Sales Specialist for JB and JB II to AICP and addressed to
        "All Just Born Broker Partners";

d..     A series of emails dated February 29, 2012 between AICP and Alicia
        Culver, a customer service representative for JB, in which Culver
        acknowledged ACIP's introduction of itself as a broker for JB and in
        which the parties discuss the method by which customers procured by
        AICP may start ordering from JB;

e.      A March 5, 2012 email wherein, upon receiving notice of AICP's
        successful negotiation of a sales contract in the theater industry, Lawrence
        Fineburg, Vice President of Sales of JB, states "Nice";

f.      A March 7, 2012 email to Regal Cinemas from James Costas in which he
        states, "I will have Chris Sciortino [principal of AICP] make the proposal
        on behalf of Just Born since **he is our 'official' broker**..." (emphasis
        supplied);

g.      Mass emails dated March 13, 2012 and March 20, 2012 sent from Donna
        Pippis, Sales Specialist for JB and JB II to AICP and addressed to "All
        Just Born Broker Partners";

h.      A March 16, 2012 email from James Costas, to Lawrence Fineburg
        stating, "Larry, **AICP announced today their first success as a Just
        Born broker**...This is the first of many successes we are going to hear
        from AICP..." (emphasis supplied);

i.   A series of emails dated March 19, 2012 wherein James Costas, specifically refers to AICP as a broker and in response to the work undertaken by AICP on behalf of JB and JB II states, "That's why I am such an A.I.C.P. fan."

j.   A March 17, 2012 email sent to AICP and other brokers by JB and JB II, stating, "To All: Since I have so many **brokers**" that have come on board there have been many requests for a product catalag [*sic*]..." and attaching the JB product catalogue (emphasis supplied);

k.   An April 10, 2012 email from James Costas to Linda Biondo, Assistant Brand Manager for JB stating, "Linda: **AICP (my theater concession broker)** sold Rave Theaters 200-250 MIKE AND IKE and HOT TAMALES Peg Bag floor displays..." (emphasis supplied);

l.   An April 11, 2012 email to various AICP personnel and to various JB personnel from James Costas wherein he writes, "Good Day to All: We are in receipt of the New Customer Credit Application for Showtime Concessions. During our background check it was discovered that Showtime Concessions is an active Just Born account with current sales. The account is managed by our Oklahoma broker; Mueller-Yurgae.  Due to this discovery I cannot assign Showtime Concessions to AICP. If anything changes in the future, I will then make the change...";

m.   An April 19, 2012 email with an attachment consisting of a trade show handout naming AICP as the "Just Born Theater Concession Broker

Contact" and listing the principals of AICP, Chris Sciortino and Steve
Sciortino, as "Broker Reps";

n.  James Costas attends the CinemaCon 2012 theater industry trade show
with AICP, identifies AICP as the broker of JB and JB II, allows printed
materials and presentations to be made by AICP as the broker of JB and
JB II. Further, James Costas personally designs the printed materials to be
used by AICP, sent same to AICP for approval, prints the materials and
personally brings them to the CinemaCon trade show.

13.  Pursuant to the agreement with JB and JB II, AICP successfully negotiated sales
agreements with Rave, Celebration, MJR and AMC on behalf of JB and JB II. Moreover, as of
May 1, 2012, AICP had introduced and/or procured the Regal, Cinemark, Carmike, National
Amusements, Malco, Muvico, NCG, Marcus and other movie theater chains. All of these chains
enjoyed a longstanding business relationship with AICP and did no business with JB, JB II or
SUMMIT (except SUMMIT's limited theater business solely as a re-packer not as a broker) prior
to AICP's employment by JB and JB II as a broker.

14.  In addition, AICP expended approximately $11,066.00 in out-of-pocket costs on
behalf of JB and JB II in its role as broker.

15.  Despite the foregoing, on May 2, 2012, Regal Cinemas contacted AICP to inform
it that it had received a letter dated May 1, 2012 from JB and JB II informing it that SUMMIT
was the exclusive theater agent for JB and JB II. Regal was an account obtained solely through
the efforts of AICP.

16.  On or about May 16, 2012, AICP received a letter from JB and JB II severing

their relationship.

17.     Subsequent to the May 16, 2012 letter, AICP came to learn that JB and JB II were identifying SUMMIT as broker to the movie theater chains initially procured by AICP.

18.     AICP has received no commission payments for the customers procured and has now lost the benefit of the sales agreements it was in the process of negotiating.

## AS AND FOR A FIRST CAUSE OF ACTION AS AGAINST JB AND JB II

19.     Plaintiff repeats, reiterates and realleges all of the allegations contained in paragraphs "1" through "18" as though more fully set forth at length herein.

20.     Plaintiff and Defendants JB and JB II entered into an agreement whereby Plaintiff was to act as the broker for these Defendants at a commission of 5% for all sales resulting from the Plaintiff's procurement/introduction to movie theater chains.

21.     Pursuant to said agreement, it was the responsibility of the Plaintiff to "gain entry" into the theater industry on behalf of these Defendants.  As a result of Plaintiff's efforts, these Defendants have successfully gained entry into the theater industry.

22.     Despite the foregoing agreement, these Defendants now refuse to recognize the Plaintiff as their broker and have refused to pay any commissions to the Plaintiff.

23.     By reason of the foregoing, JB and JB II have breached their agreement with the Plaintiff.

24.     By reason of the aforesaid breach, Plaintiff has been damaged and continues to be damaged in an amount to be determined at trial but in no event not less than $1,000,000.00.

## AS AND FOR A SECOND CAUSE OF ACTION AS AGAINST JB AND JB II

25.     Plaintiff repeats, reiterates, and realleges all of the allegations contained in

paragraphs "1" through "24" above as if more fully set forth at length herein.

26.     Representatives of JB and JB II made specific representations to the Plaintiff recognizing it as their broker to procure sales of their products in the movie theater industry. JB and JB II further recognized Plaintiff as their broker in written and verbal communications between the parties and with third-parties, permitted Plaintiff to negotiate transactions on their behalf as a broker, held out Plaintiff as their broker to third parties and otherwise used the efforts of Plaintiff to successfully "gain entry" into the movie theater industry.

27.     The foregoing statements constituted a clear and unambiguous promise upon which the Plaintiff reasonably and foreseeably relied.

28.     Plaintiff's reliance upon these promises resulted in injury and damages.

29.     By reason of the foregoing, Plaintiff has been damaged by JB and JB II in an amount to be determined at trial but in no event less than $1,000,000.00.

30.     By reason of the foregoing, JB and JB II are estopped from denying the existence of the contract by virtue of the fact that it was not in a writing executed by the parties.

31.     Plaintiff has no adequate remedy at law.

### AS AND FOR A THIRD CAUSE OF ACTION AS AGAINST JB AND JB II

32.     Plaintiff repeats, reiterates and realleges all of the allegations contained in Paragraphs "1" through "31" as though more fully set forth at length herein.

33.     JB and JB II have usurped/misappropriated  AICP's trade secrets without payment therefor.

34.     By reason of the foregoing, AICP has been damaged in an amount to be determined at trial but in no event less than $1,000,000.00.

N:/jd/AICP Just Born Summons and Complaint

35.     By reason of the malicious, intentional and unconscionable acts of the Defendants against the Plaintiff, Plaintiff is entitled to punitive damages against the Defendants in the sum of $3,000,000.00 plus recovery of all attorney's fees related to this action.

### AS AND FOR A FOURTH CAUSE OF ACTION AS AGAINST JB AND JB II

36.     Plaintiff repeats, reiterate and realleges each and every allegations contained in Paragraphs "1" through "35" as if more fully set forth at length herein.

37.     Plaintiff repeats, reiterate and realleges each and every allegations contained in Paragraphs "1" through "50" as if more fully set forth at length herein.

38.     Representatives acting on behalf of JB and JB II made specific representations to the Plaintiff (as previously identified in the General Allegations) with knowledge that those representations were false and/or materially misleading.

39.     These representations induced the Plaintiff to use its efforts, expend substantial sums of money, implement its trade secrets, procure customers and negotiate on behalf of JB and JB II and to otherwise successfully allow JB and JB II to gain entry into the movie theater industry.

40.     Plaintiff relied upon these representations to its detriment.

41.     By reason of the foregoing, Defendants are indebted to the Plaintiff in an amount to be determined at trial but in no event less than $1,000,000.00.

42.     By reason of the malicious, intentional and unconscionable acts of the Defendants against the Plaintiff, Plaintiff is entitled to punitive damages against the Defendants in the sum of $3,000,000.00 plus recovery of all attorney's fees related to this action.

### AS AND FOR A FIFTH CAUSE OF ACTION AGAINST JB AND JB II

N:/jd/AICP Just Born Summons and Complaint

43.     Plaintiff repeats, reiterate and realleges each and every allegations contained in Paragraphs "1" through "42" as if more fully set forth at length herein.

44.     JB and JB II have received the benefit of the services of AICP with their specific knowledge and consent without concomitant payment therefor.

45.     By reason of the foregoing, JB and JB II have been unjustly enriched.

46.     By reason of the foregoing, Defendants are indebted to the Plaintiff in an amount to be determined at trial but in no event less than $1,000,000.00.

47.     By reason of the malicious, intentional and unconscionable acts of the Defendants against the Plaintiff, Plaintiff is entitled to punitive damages against the Defendants in the sum of $3,000,000.00 plus recovery of all attorney's fees related to this action.

48.     Plaintiff has no adequate remedy at law.

### AS AND FOR A SIXTH CAUSE OF ACTION AS AGAINST SUMMIT

49.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "48" as if more fully set forth at length herein.

50.     SUMMIT was aware of the existence of a business relationship/agreement/contract between AICP and JB and JB II.

51.     With knowledge of the aforesaid business relationship/agreement/contract, SUMMIT induced JB and JB II to break said business relationship/agreement/contract with AICP.

52.     SUMMIT's actions, were the proximate cause of the wrongful termination by JB and JB II of its business relationship/agreement/contract with AICP.

53.     By reason of the foregoing, Defendants are indebted to the Plaintiff in an

amount to be determined at trial but in no event less than $1,000,000.00.

54.     By reason of the malicious, intentional and unconscionable acts of the Defendants against the Plaintiff, Plaintiff is entitled to punitive damages against the Defendants in the sum of $3,000,000.00 plus recovery of all attorney's fees related to this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION AGAINST SUMMIT

55.     Plaintiff repeats, reiterate and realleges each and every allegations contained in Paragraphs "1" through "54 as if more fully set forth at length herein.

56.     SUMMIT has usurped/misappropriated AICP's trade secrets without payment therefor.

57.     By reason of the foregoing, AICP has been damaged in an amount to be determined at trial but in no event less than $1,000,000.00.

58.     By reason of the malicious, intentional and unconscionable acts of the Defendant against the Plaintiff, Plaintiff is entitled to punitive damages against the Defendant in the sum of $3,000,000.00 plus recovery of all attorney's fees related to this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION AS AGAINST SUMMIT

59.     Plaintiff repeats, reiterate and realleges each and every allegations contained in Paragraphs "1" through "58" as if more fully set forth at length herein.

60.     SUMMIT has received the benefit of the services of AICP with their specific knowledge and consent without concomitant payment therefor.

61.     By reason of the foregoing, SUMMIT has been unjustly enriched.

62.     By reason of the foregoing, Defendant is indebted to the Plaintiff in an amount to be determined at trial but in no event less than $1,000,000.00.

N:/jd/AICP Just Born Summons and Complaint

63.     By reason of the malicious, intentional and unconscionable acts of the

Defendant against the Plaintiff, Plaintiff is entitled to punitive damages against the Defendant in

the sum of $3,000,000.00 plus recovery of all attorney's fees related to this action.

64.     Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

1.     On the First Cause of Action through Eighth Cause of Action as set forth above;

2.     Attorneys' fees, costs and disbursements herein; and

3.     For such other and further relief as this Court deems appropriate

Dated: June 26, 2012
       West Bay Shore, New York

Yours, etc.,


LAW OFFICES OF
RAYMOND A. GIUSTO, P.C.


BY: RAYMOND A. GIUSTO, ESQ. (RG6364)
Attorneys for Plaintiff
715 South Country Road
West Bay Shore, New York 11706
(631) 277 - 7086


N:/jd/AICP Just Born Summons and Complaint